1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  **YARON & ASSOCIATES**
   601 California Street, 21st Floor
3  San Francisco, California 94108-2281
   Telephone: (415) 658-2929
4  Facsimile:  (415) 658-2930

5  Attorneys for Defendant
   TOP INNOVATIONS, INC.

FILED

2007 AUG 24  P 2: 36

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

E-FILING

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIEN NGUYEN,

        Plaintiff,

vs.

TOP INNOVATIONS, INC., COSTCO and Does 1 to 20,

        Defendants.

Case No.: C07 04386 HRL

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant TOP INNOVATIONS, INC. ("TOP"), in answer to Plaintiff TIEN NGUYEN's ("Plaintiff") unverified Complaint for Personal Injury, admits, denies, and alleges as follows:

## ANSWER

Plaintiff's Complaint was filed using a Form Complaint pursuant to California Code of Civil Procedure §§412.20, 485. Accordingly, the Complaint is not numbered using paragraphs. Instead, the Form Complaint requires the Plaintiff to answer a series of questions. TOP hereby responds to each of the numbered questions in the Form Complaint which contain allegations.

    1.    Answering Question 5 of the Form Complaint, TOP admits that it is not a natural person and that it is a Corporation.

    2.    Answering Question 8 of the Form Complaint, TOP denies that the Santa Clara County Superior Court is the proper court to adjudicate this dispute.

    3.    Answering Question 11 of the Form Complaint, TOP denies that Plaintiff has

suffered wage loss, hospital and medical expenses, general damage or loss of earning capacity by reason of any act or omission on the part of TOP, its agents, servants or employees.

4. Answering Prod. L-1 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

5. Answering Prod. L-2 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

6. Answering Prod. L-3 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

7. Answering Prod. L-4 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

8. Answering Prod. L-5 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

9. Answering Prod. L-6 of the Form Complaint, TOP denies generally and specifically, each and every allegation therein.

10. Save and except as expressly admitted herein, TOP denies each and every other allegation in Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the Complaint fails to state facts sufficient to constitute a cause of action against TOP.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's action is barred by California Code of Civil Procedure, Section 389, in that Plaintiff has failed to join all persons and parties needed for a just adjudication of this action.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's claims are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP

1  alleges that Plaintiff's claims are barred by the doctrine of unclean hands.
2  ///

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff was not in privity of contract with TOP, and said lack of privity bars recovery herein upon any theory of warranty.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP denies any and all liability as a successor, predecessor, predecessor in business, predecessor in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or the whole or partial owner or member in any entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting to install, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising any products.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff lacks the capacity to sue, is not a real party in interest, and is thereby precluded from any recovery whatsover as prayed for herein.

### EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that this Court does not have subject matter jurisdiction over this action or alternatively that the Court lacks jurisdiction due to insufficiency of process or the service thereof and/or improper venue.

### NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that this Court does not have personal jurisdiction over TOP in that TOP is a Corporation located outside California, and each and every act alleged by Plaintiff to have been taken by TOP took place outside the State of California.

**TENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff failed to commence this action within the time required by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338(a), 338(d), 343, 583.110, 583.210, 583.310, 583.410, and Commercial Code Section 2725.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's loss, injury or damages, if any, were proximately caused, in whole or in part, by Plaintiff's own fault and negligence in failing to exercise reasonable care for his own safety. Therefore, Plaintiff's recovery from TOP, if any, should be reduced in proportionate to Plaintiff's comparative fault.

**TWELFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff consented to the alleged acts of TOP.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff has failed to mitigate the alleged loss, injury or damages, if any there were. Accordingly, the amount of loss, injury or damages to which Plaintiff is entitled, if any, should be reduced by the amount of loss, injury or damages which would have otherwise been mitigated and Plaintiff is barred from any recovery of any loss, injury or damages suffered thereby.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that if Plaintiff was injured by a product allegedly supplied, distributed, manufactured and/or sold by TOP, which is denied, such injury occurred after the expiration of the useful safe life of such product.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff was advised, informed, and warned of any purported hazards and/or

dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product, substance and equipment described in the Complaint. Plaintiff knew, or in the exercise of ordinary care should have known, of the purported risks and hazards involved in the undertaking alleged, but nevertheless, freely, voluntarily and unreasonably consented to assume such purported risks and hazards incident to said undertaking and conduct, at the time and place alleged in said Complaint, all of which proximately caused and contributed to any loss, injury or damages alleged herein. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that if Plaintiff suffered any loss, injury or damages, which is denied, such loss, injury or damages were the sole and proximate result of an unavoidable accident.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that if Plaintiff suffered any loss, injury or damages, which is denied, such loss, injury or damages were caused by and/or contributed to Plaintiff's misuse of a product allegedly supplied, distributed, manufactured and/or sold by TOP, which was not intended by or reasonably forseeable to TOP, and Plaintiff did not use the product in accordance with the instructions and labels provided by TOP. Therefore, Plaintiff's recovery should be barred or reduced accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that if Plaintiff suffered any loss, injury or damages, which is denied, such loss, injury or damages were solely and proximately caused by and/or contributed to the negligence of third persons or entities over whom or which TOP had no control or supervision. Such actions were not reasonably foreseeable by TOP. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to such third parties.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP

alleges that if Plaintiff suffered any loss, injury or damages, which is denied, such loss, injury or damages were solely and proximately caused by material modifications or alterations of the product, substance and equipment described in the Complaint after it left the custody and control of TOP.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that any product allegedly supplied, distributed, manufactured and/or sold by TOP, alleged by Plaintiff to have caused Plaintiff loss, injury or damages, was manufactured, installed, used or distributed in compliance with specifications provided by third parties to TOP and/or in compliance with all applicable health and safety statutes and regulations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that if Plaintiff suffered any loss, injury or damages, which is denied, the risk of any such loss, injury or damages was not foreseeable to TOP.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that, with respect to the product allegedly supplied, distributed, manufactured and/or sold by TOP, alleged by Plaintiff to have caused Plaintiff loss, injury or damages, it received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either expressed or implied.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff had knowledge of the risks of the matters set forth in the Complaint, as well as the magnitude of the risks and, thereafter, willingly, voluntarily and knowingly assumed the alleged risks and hazards incident to the use of the product allegedly supplied, distributed, manufactured and/or sold by TOP. Further, said acts proximately caused and contributed to Plaintiff's alleged loss, injury or damages, if any there were. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that at all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff was a sophisticated user of the product allegedly supplied, distributed, manufactured and/or sold by TOP, and Plaintiff's negligence was a superseding and/or intervening cause of Plaintiff's injuries, if any there were. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the claims asserted by Plaintiff were proximately caused by a superseding and intervening cause.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the claims asserted by Plaintiff were not a substantial factor in bringing about the loss, injury or damages alleged in the Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendant TOP alleges that there was no concert of action among Defendant TOP and any other Defendants in this action. Any alleged liability or responsibility of Defendant TOP, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other Defendants herein. Plaintiff should therefore be limited to seeking recovery from Defendant TOP for the proportion of the alleged injuries and loss, injury or damages for which Defendant TOP is allegedly liable or responsible, all such alleged liability and responsibility being denied.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that TOP has "market-share liability" or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against TOP.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received by Plaintiff, against any judgment rendered against it in Plaintiff's favor herein.

**THIRTIETH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges, in accordance with Section 1431.2 of the California Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiff's Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic loss, injury or damages allocated to each Defendant in direct proportion to each Defendants percentage of fault, if any. TOP requests a judicial determination of the amount of non-economic loss, injury or damages, if any. TOP also requests a judicial determination of the amount of non-economic loss, injury or damages, if any, allocated to TOP in direct proportion to TOP's percentage of fault, if any, and a separate judgment in conformance therewith.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the damages, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TOP, for which TOP is not responsible.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that, neither the Complaint, nor any purported causes of action alleged therein, state facts sufficient to entitle Plaintiff to an award of punitive damages against TOP.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff is not entitled to recover punitive or exemplary damages from TOP, and that such damages violate the Constitutions of the United States and the State of California.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff is barred from recovery from TOP in that the product allegedly supplied, distributed, manufactured and/or sold by TOP, if any, was in conformity with the existing state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus, such product was not defective in any manner.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the product allegedly supplied, distributed, manufactured and/or sold by TOP, was properly designed, manufactured, and fit for the purpose for which they were intended. Said product was improperly maintained, misused, and/or abused by Plaintiff and/or others, and proximately caused Plaintiff's alleged loss, injury or damages. Such misuse, abuse or improper maintenance was not forseeable to TOP. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff and/or others.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's instant action is barred or, alternatively, merged into a prior cause of action for which Plaintiff has previously sued upon, recovered, and dismissed with prejudice, thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata and Collateral Estoppel.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff named TOP in this litigation without reasonable product identification and without reasonable investigation. Accordingly, pursuant to California Code of Civil Procedure Section 128.5, TOP requests reasonable expenses, including attorney's fees incurred by TOP, as a result of the maintenance of this bad-faith litigation.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP

alleges that Plaintiff did not reasonably rely on any representation, disclaimer, warranty or other act or omission of TOP.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that its alleged actions, which are the subject of the Complaint, were lawful.

### FORTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that it presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defense available. TOP reserves the right to assert additional defenses in the event that they would be appropriate.

### FORTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's claims are barred by waiver.

### FORTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's claims are barred by estoppel.

### FORTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that TOP has fully performed any contractual, statutory or other alleged duties to Plaintiff, if any such duties were owed, and Plaintiff is thus barred from recovery.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that Plaintiff's damages against TOP are speculative, and Plaintiff is barred from asserting any such damages against TOP.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that it was justified in undertaking actions to protect its interests and acted at all times reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or

excused.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that the acts of the fictitiously named Does 1-20, of which Plaintiff complains, were all undertaken outside their agency with TOP and without the knowledge and/or consent of TOP, and TOP may not be held liable therefore.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that other parties are responsible either directly or indirectly for liability for Plaintiff's loss, injuries or damages, and in the event that TOP is held liable for Plaintiff's loss, injury or damages, such persons or entities are obligated to reimburse TOP for all costs and expenses resulting from the present lawsuit.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that, at the time the product, substance and equipment described in the Complaint left the custody and control of TOP, it was not unreasonably dangerous or defective, of good merchantable quality, and performed as safely as an ordinary consumer would have expected at the time of use.

### FORTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP alleges that, the product, substance and equipment described in the Complaint, was improperly maintained and cared for by Plaintiff and/or the owners of the product, and such improper care and maintenance created any defect, if any, which was the proximate and legal cause of Plaintiff's loss, injury or damages, if any. Such improper maintenance and care was not forseeable to TOP. Therefore, Plaintiff's damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiff and/or the owners of the product by virtue of said improper maintenance and care.

### FIFTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TOP

alleges that, the product, substance and equipment described in the Complaint, was altered after it left the custody and control of TOP, and such alteration of the product proximately caused the defect, if any, and the loss, injury or damages sustained by Plaintiff, if any.

**WHEREFORE**, TOP prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint herein;
2. That judgment be entered in favor of TOP;
3. For costs of suit incurred herein;
4. For attorneys fees;
5. That the present action be dismissed with prejudice;
6. For a judicial determination of the amount of non-economic damages, if any, allocated to TOP in direct proportion to TOP's percentage of fault, if any, and a separate judgment in conformance therewith; and
7. For such other and further relief as the Court may deem just and proper.

DATED: August 24, 2007

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
Attorneys for Defendant
TOP INNOVATIONS, INC.