GREGG L. KAYS, ESQ. (SBN 82052)
NORLAND & KAYS
111 North Market Street, Suite 414
San Jose, California 95113

(408) 993-8100
(408) 993-0173 Fax

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| TIEN NGUYEN, | ) | No. CV-07-4386-JF |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMENT** |
| | ) | **CONFERENCE STATEMENT** |
| v. | ) | **AND RULE 26(F) REPORT** |
| | ) | |
| | ) | |
| TOP INNOVATIONS, INC. | ) | Date : December 7, 2007 |
| | ) | Time : 10:30 a.m. |
| | ) | Court: 3 |
| Defendant. | ) | |

Plaintiff Tien Nguyen ("Plaintiff") and Defendant Top Innovations, Inc. ("Defendant"), submit the following Joint Case Management Statement and Rule 26(F) report.

1. <u>Jurisdiction and Service</u>:   This case is properly before the court based upon diversity of citizenship. Defendant removed the case from the Santa Clara County Superior Court. There are no issues regarding jurisdiction or venue. Costco was named in the complaint, but Plaintiff is dismissing the action as against Costco.

Joint case management conference statement
U.S. District Court, Northern Dist., No. CV-07-4386-JF                                     1

2.  <u>Facts</u>:  Plaintiff contends that he purchased a steam cleaner manufactured by Defendant. Plaintiff contends that while using the steam cleaner he was burned on his right arm and chest. Plaintiff contends that as he was attempting to refill the water reservoir of the steam cleaner, the cap for the reservoir exploded off of the cleaner. Water and steam escaped from the reservoir causing injury to Plaintiff. Plaintiff contends that the cleaner was defective and that Defendant failed to warn or properly instruct users of the cleaner in the safe method to refill the water reservoir of the cleaner. Defendant denies these claims.

Defendant contends that Plaintiff was burned because he did not wait a sufficient amount of time prior to opening the reservoir cap, and that Plaintiff cannot prove that the steam cleaner suffered from any manufacturing design or warning defects. Defendant also disputes Plaintiff's loss of income claim due to his injury.

3.  <u>Legal Issues</u>:  None at this time.

4.  <u>Motions</u>:  There are no pending motions.

5.  <u>Amendment of Pleadings</u>: No amendments are anticipated. Plaintiff is dismissing Costco from the complaint.

6.  <u>Evidence Preservation</u>:  Plaintiff has preserved the steam cleaner, and has agreed to make it available to the Defendant for inspection.

7.  <u>Disclosures</u>:  Plaintiff has disclosed photographs of the injury, the instruction manual delivered with the steam cleaner and a business contract he is relying upon to claim loss of income. Plaintiff has agreed to produce photographs of the present condition of his arm and chest where the burns were suffered. Defendant has agreed to produce all instruction manuals for the steam cleaner without regard to the date of publication or distribution of those manuals. Further disclosure by Plaintiff and disclosure by Defendant is to occur by December 5, 2007.

8.  <u>Discovery</u>:   None, to date. Defendant wishes to depose Plaintiff, review medical records of Plaintiff and investigate Plaintiff's income loss claim. Plaintiff wishes to investigate the various instruction manuals issued by Defendant.

9.  <u>Class Actions</u>:     Not applicable.

10. <u>Related Cases</u>:     None.

11. <u>Relief</u>:      Plaintiff seeks monetary relief for general damages, medical expenses and lost income.

12. <u>Settlement and ADR</u>: The parties have filed an ADR certificate. Defendant wants to depose Plaintiff and review medical records prior to attempting to settle the case.

13. <u>Consent to Magistrate</u>:   Not agreed to by the parties.

14. <u>Other References</u>:   None

15. <u>Narrowing of Issues</u>:    Not possible at this time.

16. <u>Expedited Schedule</u>:     Not requested.

17. Scheduling: The parties ask for completion of fact discovery by August, 2008, and requests that the court set expert disclosure dates, motion dates, pretrial conference date and trial date consistent with that discovery cut-off.

18. Trial:  Both sides have demanded jury. The trial estimate is 4 days.

19. Disclosure of Non-Party Interested Entities:  At this time, neither party is aware of any such person or entity. Neither party has filed the certificate called for under Rule 3-16, but both parties will file such certificate.


Dated: November 30, 2007                Norland & Kays


                                        By_____
                                           Gregg L. Kays
                                           Attorney for Plaintiff




Dated: November 30, 2007                Yaron & Associates




                                        By_____
                                           George D. Yaron
                                           Keith E. Patterson
                                           Attorneys for Defendant
                                           Top Innovations, Inc.