GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
Top Innovations, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIEN NGUYEN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOP INNOVATIONS, INC. ) <br> ) <br> Defendant. ) <br> ) <br>_____ ) | CASE NO. CV-07-4386-JF <br><br> **DEFENDANT TOP INNOVATIONS, INC.'s CASE MANAGEMENT STATEMENT** <br><br> Date: July 11, 2008 <br> Time: 10:30 a.m. <br> Courtroom: 3 |

Defendant Top Innovations, Inc. ("Top Innovations") submits the following Case Management Statement.

1. <u>Jurisdiction and Service</u>: This case is properly before the court based upon diversity of citizenship. Top Innovations removed the case from the Santa Clara County Superior Court. There are no issues regarding jurisdiction or venue. Costco was named in the Complaint, but Plaintiff has stated that he is dismissing the action as to Costco.

2. <u>Facts</u>: Plaintiff contends that he purchased a steam cleaner manufactured by Top Innovations. Plaintiff contends that, while using the steam cleaner, he was burned on his right arm and

CMC STATEMENT

chest. Plaintiff contends that, as he was attempting to refill the water reservoir of the steam cleaner, the cap for the reservoir exploded off of the cleaner and water and steam escaped from the reservoir causing injury to Plaintiff. Plaintiff contends that the cleaner was defective and that Top Innovations failed to warn or properly instruct users of the cleaner in the safe method to refill the water reservoir of the cleaner. Top Innovations denies these claims in their entirety.

Top Innovations contends that Plaintiff may have been burned because he did not wait a sufficient amount of time prior to opening the reservoir cap, and that Plaintiff cannot prove that the steam cleaner suffered from any manufacturing design or warning defects. Top Innovations also disputes Plaintiff's loss of income claim due to his injury.

3. <u>Legal Issues</u>: None at this time.

4. <u>Motions</u>: There are no pending motions. However, Top Innovations intends to bring a Motion to Compel Plaintiff's deposition. Counsel for Top intends to meet and confer with Plaintiff's counsel regarding this Motion at the Case Management Conference.

5. <u>Amendment of Pleadings</u>: No amendments are anticipated.

6. <u>Evidence Preservation</u>: Plaintiff has preserved the steam cleaner, and has made it available to Top Innovations for inspection.

7. <u>Disclosures</u>: Plaintiff has produced photographs of his injury, the instruction manual delivered with the steam cleaner, and a business contract he is relying upon to claim loss of income. Plaintiff has produced photographs of the present condition of his arm and chest where the burns were suffered. Top Innovations has produced all instruction manuals for the steam cleaner without regard to the date of publication or distribution of those manuals.

8. <u>Discovery</u>: Top Innovations wishes to depose Plaintiff. Plaintiff's deposition was scheduled for April 10, 2008, but Plaintiff did not appear for his deposition which was to be taken at Plaintiff's counsel's office at the request of Plaintiff's counsel. Despite numerous attempts, Plaintiff's

counsel has not responded at all to Top Innovations' requests to re-notice Plaintiff's deposition. Top Innovations will shortly file a Motion to Compel Plaintiff's deposition

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks monetary relief for general damages, medical expenses and lost income.

12. <u>Settlement and ADR</u>: The parties have filed an ADR certificate. Top Innovations wants to depose Plaintiff prior to attempting to settle this case. However, since Plaintiff did not appear for his deposition on April 10, 2008, the parties were unable to agree to mediate this case by May 8, 2008. Moreover, counsel for Top Innovations has been unable to adequately communicate with Plaintiff's counsel for months, making it difficult to schedule a Mediation date. Plaintiff's counsel has not returned phone calls or responded to letters sent by counsel for Top Innovations.

13. <u>Consent to Magistrate</u>: Not agreed to by the parties.

14. <u>Other References</u>: None

15. <u>Narrowing of Issues</u>: Not possible at this time.

16. <u>Expedited Schedule</u>: Not requested.

17. <u>Scheduling</u>: Top Innovations asks for completion of fact discovery by February, 2009, and requests that the court set expert disclosure dates, motion dates, pretrial conference date and trial date consistent with that discovery cut-off.

18. <u>Trial</u>: Both sides have demanded jury. The trial estimate is 4 days.

///

///

///

19. <u>Disclosure of Non-Party Interested Entities</u>: At this time, neither party is aware of any such person or entity. Neither party has filed the certificate called for under Rule 3-16, but both parties will file such certificate.

Dated: July 8, 2008

YARON & ASSOCIATES

By /s/ Keith Patterson

George D. Yaron
Keith E. Patterson
Attorneys for Defendant
Top Innovations, Inc.

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is Yaron & Associates, 601 California Street, 21st Floor, San Francisco, California 94108-2826.

On **July 8, 2008**, I served the within:

**DEFENDANT TOP INNOVATIONS, INC.'S CASE MANAGEMENT STATEMENT**

TO ALL PARTIES AS LISTED ON ECF PACER

**✖**   **VIA ELECTRONIC SERVICE:**   I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **July 8, 2008**, at San Francisco, California.

_____
IRIS NISHIMOTO